# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOHN JEFFERSON VITALICH,<br><br>Appellant,<br><br>v.<br><br>ALLIANCE BANCORP AND THE BANK OF NEW YORK, et al.,<br><br>Appellees. | Case No. 16-cv-06231-BLF<br>B.R. Case No. 15-bk-53524<br>A.P. Case No. 16-ap-05047<br><br>**ORDER GRANTING IN PART APPELLANT'S APPLICATION FOR EXTENSION OF TIME TO FILE APPELLANT'S OPENING BRIEF; AND SETTING MODIFIED BRIEFING SCHEDULE**<br><br>[Re: ECF 17] |

On August 8, 2017, the day after Appellant's opening brief was due[1], Appellant filed an application to extend the deadline for filing his opening brief until September 15, 2017. ECF 17. The grounds for the requested extension are: (1) counsel's busy schedule, (2) the recent consolidation of this appeal with another, and (3) the fact that the record was provided only thirty days ago. *Id.* at 2. Appellant represents that opposing counsel do not oppose the request. *Id.*

The second and third proffered reasons do not justify the request for an extension of time. Appellant filed two notices of appeal of the same bankruptcy court order, which caused two district court cases to be opened. Consolidation of the identical appeals did not add any complexity which would necessitate additional briefing time. Moreover, although Appellant's statement that he was "just provided the record thirty (30) days ago," ECF 17 at 2, suggests that thirty days is an unreasonably short period of time to prepare the opening brief, thirty days is the

---

[1] Appellant states that the opening brief was due on August 8, 2017. The Clerk's Notice of Completed Record on Appeal was docketed on July 5, 2017 and the transcript of the proceedings in the bankruptcy court was docketed on July 6, 2017. Even assuming that the later date controls, the thirtieth day after July 6, 2017 fell on Saturday, August 5, making the opening brief due on the following business day, Monday, August 7, 2017.

period provided under the the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8018(a)(1) ("The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically."). Moreover, the record in this case includes only the adversary complaint, the briefing under Rule 12(b)(6), the transcript of the Rule 12(b)(6) hearing, and the order and judgment of dismissal. *See* ECF 13, 14, 15.

With respect to the first proffered reason, the Court understands that the press of other business may make it difficult for an attorney to meet deadlines mandated by the Federal Rules and Court orders. The Court would have preferred to be alerted to Appellant's request for an extension of time prior to the due date for Appellant's brief, because the only options left to the Court at this point are to grant an extension of time or dismiss the appeal for failure to prosecute. The Court therefore will extend the deadline for filing the opening brief. However, an extension of the length requested is not warranted given that the appeal does not raise complicated issues of bankruptcy law but rather requests review of the bankruptcy court's dismissal of Appellant's adversary complaint under the standards set forth under Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Court will grant Appellant a twenty-one day extension of the original August 7, 2017 deadline, until August 28, 2017, to file the opening brief.

Accordingly, the briefing schedule in this case is MODIFIED as follows:

> Appellant's opening brief:  must be filed and served on or before August 28, 2017.
>
> Appellee's response brief:  must be filed and served not more than 14 days after service of the Appellant's opening brief.
>
> Appellant's reply brief:  must be filed and served not more than 7 days after service of the Appellee's response brief.

No additional extensions of time will be granted absent extraordinary circumstances.

**IT IS SO ORDERED.**

Dated:  August 9, 2017

_____
BETH LABSON FREEMAN
United States District Judge