**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN JEFFERSON VITALICH,<br><br>　　　　Appellant,<br><br>　　v.<br><br>ALLIANCE BANCORP AND THE BANK OF NEW YORK, et al.,<br><br>　　　　Respondents. | Case No. 16-cv-06231-BLF<br>Bankr. Case No. 15-bk-53524<br>Advers. P. Case No. 16-ap-05047<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** |

Debtor/Appellant John Jefferson Vitalich has filed several bankruptcy petitions, adversary proceedings, and state court actions relating to the same parcel of real property located in Seaside, California ("the Seaside property"). In the present appeal – his third before this Court – Vitalich seeks reversal of the Bankruptcy Court's Order Granting Defendants' Motion to Dismiss with Prejudice and Without Leave to Amend, which dismissed his most recent adversary complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Notice of Appeal, ECF 1.

The Court has considered the opening brief filed by Vitalich and the response briefs filed by Appellees. No reply brief was filed and the time to do so has elapsed. The Court finds the matter to be appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the Bankruptcy Court's order is AFFIRMED.

**I.　BACKGROUND**

Vitalich filed his current Chapter 11 bankruptcy petition on November 6, 2015. *See* Case No. 15-bk-53524.

**5008 Adversary Complaint**

On January 28, 2016, Vitalich filed an adversary complaint which was assigned Case No. 16-ap-05008 ("the 5008 Adversary Complaint"). *See* Record on Appeal, ECF 13-7. The 5008 Adversary Complaint alleged that on February 15, 2006, Vitalich obtained a mortgage loan from

Alliance Bancorp ("Alliance") in the amount of $1,000,000. 5008 Adv. Compl. ¶ 29, ECF 13-8. As part of the transaction, Vitalich executed a Note secured by a Deed of Trust on the Seaside property. *Id.* ¶ 33. Thereafter, the Note was securitized and transferred to an investment trust, specifically, to the Bank of New York ("BONY"), acting as Trustee for alternative loan trust 2006-OC3. *Id.* ¶ 30. According to Vitalich, the transfer to BONY was void because it was not completed prior to the investment trust's closing date, it did not comply with the pooling and servicing agreement governing the investment trust, and it did not comply with state law. *Id.* ¶¶ 30-49.

Vitalich sued Alliance, BONY, Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing LP (collectively, "Countrywide"), CWALT, Inc., and Mortgage Electronic Registration Systems, Inc. ("MERS"), asserting among other things that none of them had standing to foreclose on the Seaside property. 5008 Adv. Compl., ¶¶ 2-7, 50. Vitalich alleged ten claims under state and federal law: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) quiet title; (6) slander of title; (7) declaratory relief; (8) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 1 U.S.C. § 2601 *et seq.*; and (10) rescission. *Id.*

On April 22, 2016, the Bankruptcy Court dismissed the 5008 Adversary Complaint under Rule 12(b)(6) without leave to amend any of the claims stated therein. Memorandum Decision, Order Granting Motion to Dismiss Adversary Complaint, and Order Denying Motion for Leave to File Amended Complaint and Dismissing Amended Complaint, ECF 13-13. The Bankruptcy Court granted Vitalich leave to file an amended pleading containing a single new claim for violation of the automatic stay in a prior bankruptcy case. *Id.* However, Vitalich did not file an amended pleading within the time provided. Instead, he unsuccessfully moved the Bankruptcy Court for reconsideration of its orders dismissing the 5008 Adversary Complaint and denying leave to amend the claims stated therein. Vitalich's appeal of the Bankruptcy Court's denial of his motions for reconsideration was assigned to this Court. *See* Case No. 16-cv-03867. Vitalich ultimately dismissed that appeal voluntarily. *See id.*

**5047 Adversary Complaint**

On May 20, 2016, shortly after the Bankruptcy Court's dismissal of the 5008 Adversary Complaint, Vitalich filed a nearly identical complaint in the Monterey County Superior Court. *See* Record on Appeal, ECF 13-1. Countrywide and other defendants named in that action removed it to the Bankruptcy Court, where it was assigned Case No. 16-ap-05047 ("the 5047 Adversary Complaint"). *See* Record on Appeal, ECF 13-1. The 5047 Adversary Complaint asserted exactly the same claims that were asserted in the 5008 Adversary Complaint: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) quiet title; (6) slander of title; (7) declaratory relief; (8) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 1 U.S.C. § 2601 *et seq.*; and (10) rescission. *Compare* 5047 Adv. Compl., ECF 13-1, *with* 5008 Adv. Compl., ECF 13-7. The only significant difference between the 5008 Adversary Complaint and the 5047 Adversary Complaint was that the latter added Select Portfolio Servicing, Inc. ("Select Portfolio Servicing") and Quality Loan Servicing Corporation ("Quality Loan Servicing") as defendants. *Id.*

Defendants moved to dismiss the 5047 Adversary Complaint under Rule 12(b)(6), arguing that Vitalich's claims were barred by the doctrine of res judicata and, alternatively, that the claims failed to allege sufficient facts. The Bankruptcy Court held a hearing on August 24, 2016 and on August 29, 2016 it issued a written order granting the motion to dismiss with prejudice and without leave to amend. Order, ECF 13-18; Hrg. Tr., ECF 15. It is not clear from the hearing transcript or the written order whether the dismissal was based on the doctrine of res judicata, failure to allege sufficient facts, or both.

**II. ISSUES PRESENTED**

Vitalich identifies three issues for appeal in his opening brief: (1) whether the Bankruptcy Court erred in dismissing his claim for wrongful foreclosure; (2) whether the Bankruptcy Court erred in dismissing his claims for fraud in the inducement and fraud in the concealment; and (3) whether the Bankruptcy Court improperly accepted the truth, validity, and legal effect of documents that were the subject of judicial notice. Opening Br. at 5, ECF 19.

## III. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1). "[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is reviewed *de novo* and may be affirmed on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). Matters not specifically and distinctly raised and argued in the opening brief generally will not be considered on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

## IV. DISCUSSION

As noted above, Vitalich challenges the Bankruptcy Court's dismissal of only three of the ten claims he asserted in the 5047 Adversary Complaint. The dismissal of those claims was proper because they were barred by the doctrine of res judicata and also because they failed to state a claim upon which relief could be granted.

Vitalich also asserts that the Bankruptcy Court improperly accepted the truth, validity, and legal effect of documents that were the subject of judicial notice. Vitalich fails to support that assertion and, in any event, the documents are irrelevant to the grounds for dismissal discussed above.

### A. Res Judicata

"The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* Under the related doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* As the Supreme Court has recognized, "res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.*

4

The application of res judicata is apparent from a side-by-side comparison of the 5047 Adversary Complaint and the earlier 5008 Adversary Complaint, of which the Court takes judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). The Ninth Circuit has explained that "res judicata applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (internal quotation marks and citation omitted). With respect to the first factor, there clearly is an identity of claims, as the 5047 Adversary Complaint appears to be a copy of the earlier 5008 Adversary Complaint with only minor alterations.

With respect to the second factor, the Bankruptcy Court's order dismissing the 5008 Adversary Complaint granted Vitalich leave to amend to assert a new claim. However, Vitalich's failure to file an amended pleading within the time provided (or at all) converted the Bankruptcy Court's order into a final order of dismissal with prejudice. *See Lynch v. City of Alhambra*, 880 F.2d 1122, 1124 (9th Cir. 1989) ("Because Lynch failed to cure the deficiency perceived by the district court within the period provided by the district court, the dismissal was converted to a final order of dismissal with prejudice, appealable under 28 U.S.C. § 1291."). "A dismissal with prejudice constitutes a final judgment on the merits" for res judicata purposes. *Carlson v. Wells Fargo Bank, N.A.*, No. C15-0109JLR, 2015 WL 2062394, at *5 (W.D. Wash. May 4, 2015) (citing *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005)).

Finally, with respect to the third factor, there is an identity of parties as to all defendants except Select Portfolio Servicing, Inc. and Quality Loan Servicing Corporation, who were not named in the 5008 Adversary Complaint. However, because it appears that Select Portfolio Servicing and Quality Loan Servicing were sued in connection with their servicing of Vitalich's mortgage loan, they were in privity with other defendants who were named in the 5008 Adversary Complaint. *See Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-CV-00602 NC, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014) (finding a loan servicer to be in privity with original

lender, nominee, and trustee sued in prior lawsuit).[1]

Based on the foregoing analysis, the Court concludes that the 5047 Adversary Complaint is barred by res judicata and on that basis the order of the Bankruptcy Court is affirmed.

### B. Failure to State a Claim

Even if the three claims in question were not barred by res judicata, dismissal was proper as Vitalich failed to allege sufficient facts under the controlling standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570. A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In his claim for wrongful foreclosure, Vitalich alleged that no defendant had standing to foreclose on the Seaside property because the transfer of the Note to BONY, acting as Trustee for alternative loan trust 2006-OC3, was void. On appeal, Vitalich argues that the Bankruptcy Court erred in rejecting that theory in light of *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919 (2016). In *Yvanova*, the California Supreme Court held that "a home loan borrower has standing to claim a nonjudicial foreclosure was wrongful because an assignment by which the foreclosing party purportedly took a beneficial interest in the deed of trust was not merely voidable but void, depriving the foreclosing party of any legitimate authority to order a trustee's sale." *Id.* at 942-43. That holding is of no help to Vitalich, as he failed to allege that a nonjudicial foreclosure sale took place. *See Shelby v. Ocwen Loan Servicing, LLC*, No. 2:14-CV-02844-TLN, 2015 WL 5023020,

---

[1] Vitalich's claims against Select Portfolio Servicing, Inc. and Quality Loan Servicing Corporation also were precluded under the doctrine of collateral estoppel. "Under the federal collateral estoppel doctrine, the Court considers three factors to determine whether an issue is precluded: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Missud v. City & Cty. of San Francisco*, No. 15-CV-05596-JCS, 2017 WL 1064984, at *13 (N.D. Cal. Mar. 21, 2017). All three factors are met here, as the issues at stake in both the adversary proceedings were identical, they were actually litigated by Vitalich, and determination of the issues was critical to disposition of the 5008 Adversary Proceeding.

6

at *7 (E.D. Cal. Aug. 24, 2015) (under California law, an essential element of a claim for wrongful foreclosure is "an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust"). Appellees represent that in fact no foreclosure sale has taken place. Nothing in *Yvanova* suggests that a borrower may bring a preemptive claim for wrongful foreclosure. To the contrary, the California Supreme Court expressly limited the reach of its holding: "We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." *Yvanova*, 62 Cal. 4th at 924.

In his claims for fraud in the inducement and fraud in the concealment, Vitalich alleges fraud on the part of "Defendants" in general terms, without setting forth the "who, what, when, where, and how" required under Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (fraud allegations must be specific enough that Defendants "can defend against the charge and not just deny that they have done anything wrong") (internal quotation marks and citation omitted).

While the Bankruptcy Court perhaps could have granted Vitalich leave to amend these claims, Vitalich has not argued on appeal that the Bankruptcy Court abused its discretion in failing to do so. Matters not specifically and distinctly raised and argued in the opening brief generally will not be considered on appeal. *Padgett,* 587 F.3d at n. 2 (9th Cir. 2009).

### C. Judicial Notice

Vitalich's final argument is that the Bankruptcy Court took judicial notice not only of the existence of foreclosure documents including a notice of default and a notice of trustee's sale, but improperly accepted those documents as legally valid. Vitalich has not provided any support for that argument, and the documents are irrelevant to the grounds for dismissal discussed above.

### V. ORDER

The Bankruptcy Court's Order Granting Defendants' Motion to Dismiss with Prejudice and Without Leave to Amend is AFFIRMED. The Clerk shall close the file.

Dated: September 22, 2017

BETH LABSON FREEMAN
United States District Judge

7